# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00101-RCJ-VPC |
| vs. ) | |
| ) | |
| EDWARD DAVID SIMON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

A grand jury indicted Defendant Edward David Simon on ten counts each of False Claims Fraud, Unlawful Use of a Means of Identification, Mail Fraud, and Aggravated Identity Theft. (*See* Indictment, Oct. 24, 2012, ECF No. 1). The Magistrate Judge ordered Defendant detained pursuant to the Bail Reform Act, 18 U.S.C. § 3142, finding that there was a serious risk that Defendant would endanger the safety of another person or the community and that no conditions would reasonably assure the safety of the community in light of Defendant's past drug and alcohol use, violent criminal history, parole violations, and offenses allegedly committed while in custody. (*See* Order, Nov. 8, 2012, ECF No. 14). Defendant asked the Court to review the order of detention pursuant to § 3145(b). The Court denied the motion, ruling that the proper standard of review was under the clearly erroneous standard. Plaintiff has since pleaded guilty and has asked the Court to permit his release pending sentencing.

The present motion is in essence a motion to reconsider the Court's previous order, and Defendant again fails to address the language of the statutes and the rules governing the standard of review of a magistrate's determination of bail, citing only to case law that does not contradict

1  the Court's previous ruling.  Defendant also fails to note the extreme lateness of the previous
2  motion.  To the extent the present motion is different, the considerations governing the Court's
3  previous denial of release apply with much stronger force in the present context.  In the bail
4  context, the presumption is in favor of release, and the Court may deny bail only if "such release
5  will not reasonably assure the appearance of the person as required or will endanger the safety of
6  any other person or the community." 18 U.S.C. § 3142(b).  After conviction, however, the
7  presumption is in favor of detention, and  the Court may permit release only if "the judicial
8  officer finds by clear and convincing evidence that the person is not likely to flee or pose a
9  danger to the safety of any other person or the community . . . ." *Id.* at § 3143(a).

10  There is no clear and convincing evidence that Defendant will not flee or that he will not
11 endanger others in the community.  Defendant, despite his recent alleged good acts, is after all a
12 repeat offender, with multiple violent felony convictions in multiple states dating as early as
13 1978, including robbery and kidnapping with a deadly weapon, contraband smuggling, felon in
14 possession of a firearm, etc.  The magistrate judge and the Government variously noted at the
15 November 8, 2012 detention hearing that one or more protective orders had been entered against
16 Defendant in state court even in the relatively recent time since his entry into the community, that
17 he had used multiple aliases and identifying data, that he has only been in the community since
18 June of 2011 when released on parole, and that he committed the current crimes near the end of a
19 lengthy prison sentence, indicating that his previous sentence did not substantially rehabilitate
20 him.  Not only has Defendant not shown by clear and convincing evidence that he is likely to
21 appear and will endanger no one in the community during his release, the totality of the evidence
22 indicates there is no substantial basis for such an assessment.
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Release Pending Sentencing (ECF No. 47) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of June, 2013.

_____
ROBERT C. JONES
United States District Judge